**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

ROHON YAKI VILLEGAS-SANCHEZ,  )
                              )
        Petitioner,           )
                              )
v.                            )          Case No. CIV-26-660-D
                              )
SCARLET GRANT, Warden, et al., )
                              )
        Respondents.          )

**REPORT AND RECOMMENDATION**

Petitioner Rohon Yaki Villegas-Sanchez, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days at which the government bears the burden of proof or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    <u>Background</u>

Petitioner, a citizen of Venezuela, entered the United States without inspection or admission at or near Yuma, Arizona on or around September 11, 2022.  Resp. at 13; Doc. 9-1 at 2 (Notice to Appear).  On September 13, 2022, ICE arrested Petitioner and placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Resp. at 13; Doc. 9-1 at 2; Doc. 9-8 at 2 (2022 Arrest Warrant for Petitioner).  On the same day, ICE issued a custody determination that Petitioner should be detained pending removal proceedings.  Resp. at 13; Doc. 9-2 at 2 (Notice of Custody Determination).  Petitioner requested review of that determination by an immigration judge ("IJ").  Resp at 13; Doc. 9-2 at 2.  The following day, on September 14, 2022, Petitioner was released from detention on an Order of Release on Recognizance.  Resp. at 13; Doc. 9-9 at 2 (Order of Release on Recognizance).  Neither party alleges Petitioner was released by an IJ or that an IJ ever made a custody determination about Petitioner, and the Order of Release on Recognizance appears to be signed by an ICE official.  *See* Doc. 9-9 at 2 (signed by ICE Official "T. Zwetow, SDDO").  Petitioner alleges he complied with all conditions of his release.  Reply at 3.  In June 2023, Petitioner filed an Application for Asylum and for Withholding of Removal.  Resp. at 14; Doc. 9-6 at 2 (Asylum Application).

On February 11, 2026, ICE re-arrested Petitioner in Oklahoma City, Oklahoma. Resp. at 13; Doc. 9-3 at 2 (2026 Arrest Warrant for Petitioner).  Respondents contend he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 15.  On March 9, 2026,

Petitioner requested a bond redetermination hearing.  Resp. at 14; Doc. 9-2 at 2-3

(Petitioner's requests for IJ custody redetermination).  On March 23, 2026, an IJ denied

Petitioner's request based on a lack of jurisdiction because all IJs are subject to the binding

precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those

noncitizens who entered the country without admission or parole are ineligible for a bond

hearing.  Resp. at 14; Doc. 9-5 at 2 (IJ Order).

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility

in Cushing, Oklahoma.  *Id*. at 1.  He remains detained there.  *See* ICE Online Detainee

Locator System, *at* https://locator.ice.gov/odls/#/results (last visited May 26, 2026).

**II.    Petitioner's Claims**

Petitioner asserts two counts in his Petition.

- **Count I: Arbitrary and Unlawful Re-Detention Without Notice or Changed Circumstances.**  Petitioner alleges his re-detention after being released on his own recognizance without a material change in circumstances is arbitrary and unlawful.  Pet. at 6.

- **Count II: Violation of Due Process**.  Petitioner alleges his detention without a bond hearing in front of a neutral decisionmaker where ICE carries the burden of proving he is a risk of flight or a danger to the community violates his due process rights.  *Id*. at 2, 6.

Reading the Petition as a whole, the undersigned liberally construes Petitioner to

allege his continued detention without a bond hearing violates his due process.  He asks

the Court to "order [his] immediate release on previous conditions" or alternatively "order

ICE to provide [him] with a constitutionally adequate bond hearing where ICE carries the

burden of proof of proving flight risk or dangerousness in front of a neutral decision-

3

maker." *Id.* at 7.  Petitioner also requests injunctive relief preventing Respondents from "future unlawful detention." *Id.*

### III.   Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.   Analysis

#### A.    Section 1226(a) applies to Petitioner's detention.

While Petitioner does not raise a claim that his detention violates the Immigration and Nationality Act ("INA"), Respondents in their Response allege Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A).  *See* Resp. at 15-23.  The undersigned concludes the Court must first determine what statutory provision governs Petitioner's detention before it can determine whether his due process rights have been violated.  For the reasons explained below, the Court should find § 1226(a)—rather than § 1225(b)(2)(A)—governs his re-detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining

4

immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

In the Petition, Petitioner does not allege which statutory provision he should be detained under but claims his detention without a bond hearing is unlawful. Pet. at 6. Accordingly, the undersigned presumes Petitioner believes § 1226(a) governs his detention. *See* Reply at 5 (arguing "Petitioner's detention is governed by § 1226(a) and not § 1225(b)(2) as Respondent[s] argue it to be"). Respondents maintain Petitioner is an "applicant for admission" and properly detained under § 1225(b)(2)(A). Resp. at 15. Further, Respondents claim (1) § 1225(b)(2)(A) is not limited only to noncitizens "arriving" in the United States and applies to those noncitizens who have been in the United States for more than two years, and (2) applicants for admission must be seeking admission under the statute. *Id.* at 15-23.

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec.

5

16, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's detention.

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens already living in the United States when apprehended. Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *Colin*, 2025 WL 3645176, at \*4. "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be superfluous and redundant, and courts should avoid statutory interpretations that make any part of the statute superfluous." *Colin*, 2025 WL 3645176, at \*4 (citation modified). The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

Second, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal*

6

*Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified).

Third, this analysis is not impacted by Petitioner's application for asylum. *See, e.g.*, *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (concluding "a pending asylum application does not render § 1225(b)(2)(A) applicable to Petitioner"); *Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (finding "§ 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum").

Finally, Petitioner's previous release on his own recognizance under § 1226 in September 2022 also supports application of § 1226(a) to his current detention. *See, e.g.*, *Bello Chacon v. Hermosillo*, No. 25-CV-02299, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025) (finding petitioner's prior release on recognizance under § 1226 indicates he "was—and continues to be—subject to discretionary detention under § 1226"); *Chen v. Soto*, No. CV 25-17198, 2025 WL 3527239, at *3 (D.N.J. Dec. 9, 2025) (granting habeas relief and ordering respondents to provide a bond hearing for petitioner previously released on his own recognizance pursuant to § 1226 because previously treating petitioner under § 1226 "defeats respondents' new position that a different statutory provision applies").[2]

---

[2] Some courts have ordered immediate release for petitioners previously released on their own recognizance. *See, e.g.*, *Salinas v. Woosley*, No. 25-CV-121, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025) (ordering immediate release for petitioner who had previously been released on her own recognizance shortly after entering the United States and requiring a bond hearing if she is later re-arrested and detained under § 1226(a)). The undersigned, though, agrees with those courts deciding the proper relief for a petitioner is a bond hearing under § 1226(a) before an IJ. *See Chen*, 2025 WL 3527239, at *3-4.

In sum, this Court, Chief Judge Palk, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner who had been living in the United States for years and were present in the country when apprehended.[3]  This conclusion is also in accord with the Second, Sixth, and Eleventh Circuits, which have rejected the statutory interpretation of § 1225(b)(2) urged by Respondents.  *See Lopez-Campos v. Raycraft*, No. 25-1965, --- F.4th ---, 2026 WL 1283891, at *3 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, --- F.4th ---, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026); *Cunha v. Freden*, No. 25-3141-PR, --- F.4th ---, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026).[4]  *But see Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026) (agreeing with Respondents' interpretation); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 501-08 (5th Cir. 2026) (same).

---

[3] *See, e.g., Colin*, 2025 WL 3645176, at *5; *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026); *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *1 (W.D. Okla. Jan. 21, 2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez v. Holt,* No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025).  Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner.  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

[4] In a recent Seventh Circuit panel decision, Judge Lee rejected Respondents' interpretation of § 1225(b)(2), another judge adopted Respondents' position, and the third judge decided there was no basis to reach the issue.  *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, --- F.4th ---, 2026 WL 1223250, at *10-22, 27, 34-39 (7th Cir. May 5, 2026).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a). *See, e.g.*, *Singh v. Mullin*, No. CIV-26-847-D, 2026 WL 1270062, at *1-2 & 2 n.1 (W.D. Okla. May 8, 2026) (recent application by this Court of § 1226(a) to a similarly situated petitioner). Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention.

**B.      Due Process entitles Petitioner to a bond hearing**.[5]

Petitioner alleges his continued detention without a bond hearing violates his due process. *See* Pet. at 6. The undersigned concludes that because § 1226(a) applies to Petitioner's detention, he is owed the due process provided to him under the statute. When "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025).

The Fifth Amendment's Due Process Clause protects all persons within the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. It applies to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. In the civil immigration detention context, courts consistently apply the balancing test set

---

[5] The undersigned is not persuaded by Respondents' argument the Petition is too conclusory to seek relief based on due process. Resp. at 23-24. Liberally construing the Petition, Petitioner alleges his "detention without a bond hearing" after his prior release on recognizance, Pet. at 6 (citation modified), violates his "Fifth Amendment [right to] Due Process," *id.* at 2. The Court should address Petitioner's due process claim in Count II.

out in *Mathews v. Eldridge*, 424 U.S. 319, (1976), to evaluate the level of process owed a noncitizen.[6]   *See, e.g., Hernandez-Lara v. Lyons*, 10 F.4th 19, 27-39 (1st Cir. 2021) (applying *Mathews* to due process challenges to prolonged detention under § 1226(a)); *Velasco Lopez v. Decker*, 978 F.3d 842, 851-55 (2d Cir. 2020) (same).

Petitioner argues his detention without a bond redetermination hearing violates his right to due process and the balance of interests under *Mathews v. Eldridge* favors a bond hearing.   Reply at 8-9.   The *Mathews* test includes three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.  All three factors weigh in Petitioner's favor.

First, Petitioner has a strong liberty interest in being free from physical detention. This is "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507,

---

[6] Respondents rely on *Demore v. Kim*, 538 U.S. 510 (2003) to contend Petitioner is not entitled to a bond hearing because the Supreme Court held "mandatory detention pending removal proceedings does not violate due process." Resp. at 24-25.  The Supreme Court in *Demore*, though, did not create a blanket rule permitting detention of noncitizens without individualized review and left open the question whether prolonged detention without a bond hearing violates due process. *See Merchan-Pacheo v. Noem*, No. 25-CV-03860, 2026 WL 88526, at *4-6 (D. Colo. Jan. 12, 2026) (concluding *Demore* "created a framework that *permits* Petitioner's release" and "in no way suggests that the court should decline to consider the *Mathews* factors").

529 (2004)); *see also Lopez-Campos*, 2026 WL 1283891, at *13 ("Petitioners rightfully state that they have a liberty interest to be free from detention. As discussed, this is the most fundamental interest protected by the Due Process Clause and is shared by citizens and noncitizens alike."). Because freedom from restraint is "at the core of the liberty interest protected by the Due Process Clause, commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (citation modified). "Congress may make rules as to aliens that would be unacceptable if applied to citizens," *Demore*, 538 U.S. at 522, but that power remains subject to "important constitutional limitations," *Zadvydas*, 533 U.S. at 695. It does not eliminate Petitioner's significant interest in being free from detention. *See, e.g., Diaz v. Noem*, No. 26-CV-00782, 2026 WL 733587, at *3 (D. Colo. Mar. 16, 2026) (concluding the first *Mathews* factors supports finding a due process violation where petitioner "is being held in a detention facility that strongly resembles penal confinement, is away from his family, and is unable to maintain his employment" (citation modified)).

Second, the risk of erroneous deprivation is high here, considering Respondents' current position to afford Petitioner no bond hearing. *See, e.g., Montero Cordova v. Noem*, No. 26-CV-00526, 2026 WL 867689, at *9 (D.N.M. Mar. 30, 2026) (finding the second *Mathews* factor favors petitioner because "the risk of erroneous deprivation will remain high" "without the opportunity to have the hearing to which Petitioner is entitled" under § 1226(a), and noting "a bond hearing before a neutral immigration judge will provide immense value as an additional safeguard" (citation modified)); *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized

11

assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest.").

Finally, the Court must consider the government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. While "control over matters of immigration is a sovereign prerogative" and the "government's interest in efficient administration of immigration laws at the border is weighty," *Landon v. Plasencia*, 459 U.S. 21, 34 (1982) (citation modified), such interests in detaining Petitioner without procedural safeguards do not outweigh his liberty interest or risk of erroneous deprivation. *See Montero Cordova*, 2026 WL 867689, at *10 (finding though "the Government's interest in enforcing its immigration policies must be afforded considerable weight," the third factor favors petitioner because "the fiscal and administrative burdens of providing a bond hearing under § 1226(a) are minimal and do not provide adequate justification for foregoing the hearing entirely"); *Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 943 (D. Colo. 2025) (comparing the "quite limited" harm to government, "because the administrative burden of a bond hearing is minimal," to the "sizeable harm posed to [petitioner] by continued—and potentially unnecessary—detention" (citation modified)).

Bond hearings "are a significant procedural safeguard to balance the Government's interest in immigration enforcement against individual liberties." *Singh v. Bondi*, No. 26-CV-0125, 2026 WL 690013, at *6 (W.D. Tex. Mar. 6, 2026). Significantly, Petitioner has had no meaningful opportunity for an immigration judge to consider whether he is a danger to society or a flight risk since his re-detention. Further, the fact Petitioner has been living in the United States for more than three years with no criminal history weighs in his favor.

12

*See Ekenge v. Baltazar*, No. 26-CV-00630, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026) (finding the government's interest "not substantial" where petitioner was re-detained after being released and "any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue" (citation modified)).

Accordingly, Petitioner's continued detention without a bond hearing violates his due process liberty interests, and he is entitled to a prompt bond hearing before an immigration judge.

### C.    The Court should order the government to bear the burden of proof at Petitioner's bond hearing.

Petitioner requests at any bond hearing that "ICE carries the burden of proof of proving flight risk or dangerousness in front of a neutral decision-maker." Pet. at 7. A noncitizen generally has the burden at a bond hearing to show his "release would not pose a danger to property or persons" and he "is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8).

As discussed above, the Court should grant habeas relief in part and grant Petitioner a bond hearing because his detention is governed by § 1226(a) and due process requires it. As for the burden of proof at a bond hearing, the Court should adopt a common approach of other courts in the Tenth Circuit and nationwide and use the *Mathews* balancing test to assess "the type of process required in a given case." *Vizguerra-Ramirez v. Baltazar*, No. 25-CV-00881, 2025 WL 3653158, at *13 (D. Colo. Dec. 17, 2025). Further, under the circumstances presented here, all three *Mathews* factors favor Petitioner and placing the burden of proof on the government at any bond hearing under § 1226(a). *See, e.g.,*

13

*Velasquez Salazar*, 806 F. Supp. 3d at 1245 (holding the *Mathews* framework supports shifting the burden at a § 1226 bond hearing to the government); *Hernandez-Lara*, 10 F.4th at 39 (holding the government bears the burden at a bond hearing after prolonged detention under § 1226(a)); *Velasco Lopez,* 978 F.3d at 854 (same). *But see Miranda v. Garland*, 34 F.4th 338, 358-65 (4th Cir. 2022) (applying *Mathews* to conclude due process does not require the government to bear the burden at a § 1226(a) bond hearing for a noncitizen whose detention is not "indefinite and potentially permanent").

First, as discussed above, Petitioner has a fundamental interest in liberty and being free from official restraint. *See Requejo Roman v. Castro*, 816 F. Supp. 3d 1267, 1283 (D.N.M. 2026) (finding the first *Mathews* factors weighs in favor of the government bearing the burden of proof because "being free from detention is the most elemental of liberty interests" (citation modified)). Accordingly, the first *Mathews* factor favors Petitioner.

Second, "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards" also favor Petitioner. *Mathews*, 424 U.S. at 335. Notably, requiring Petitioner to bear the burden of proof creates a risk of an erroneous deprivation where Respondents re-detained him without any alleged violation of law or conditions of release. Petitioner had been released from ICE custody, lived in the country more than three years, complied with all immigration requirements, and had no alleged criminal history. ICE's decision to change course, re-detain Petitioner, and deprive him of physical liberty without changed circumstances or reason for re-detention weighs in Petitioner's favor. *See Requejo Roman*,

14

816 F. Supp. 3d at 1283 (finding the "risk is even more pronounced" where petitioner had been released on bond previously and requiring the government to justify detention "reduces the risk of an ongoing and erroneous deprivation of Petitioner's liberty"); *Garcia Cortes v. Noem*, No. 25-CV-02677, 2025 WL 2652880, at *4 (D. Colo. Sep. 16, 2025) (finding "a severe risk of erroneous deprivation" based in part on respondents' "failure to identify any criminal record or conviction Petitioner has incurred").

Additionally, assigning the burden of proof to Petitioner puts him in a "difficult" position of "proving a negative," *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1183-84 (D. Colo. 2024)—specifically, proving he is neither a flight risk nor a danger to the community despite his more than three years of apparent compliance with the law and any ICE conditions. To the extent the government may contend risk factors warrant Petitioner's continued detention, the information establishing those risks is likely within the government's possession. *Accord Owdetallah v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at *4 (W.D. Okla. Feb. 20, 2026) (noting information justifying a noncitizen's re-detention would be contained in the government's own files rather than in the possession of a petitioner detained in ICE custody). Thus, requiring the government to bear the burden of proof for Petitioner's continued detention helps to cure "the risk of an erroneous deprivation," *Mathews*, 424 U.S. at 335, of his liberty interests after the government's unilateral decision to re-detain him. The second *Mathews* factor favors Petitioner.

Finally, "the administrative burden of a bond hearing is minimal." *Arostegui-Maldonado*, 794 F. Supp. 3d at 943. Having determined a bond hearing must be held, any additional costs from shifting the burden of proof to the government are negligible. Placing

15

the burden of proof on the government promotes the government's interest in "minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.   Moreover, the government has not alleged or demonstrated any changed circumstances since Petitioner's previous release in September 2022 to support his recent re-detention.  *See Requejo Roman*, 816 F. Supp. 3d at 1283 (finding the third factor supports shifting the burden to the government because "the Government has not demonstrated any change in circumstances" since petitioner's prior release on bond).

In sum, all three *Mathews* factors support shifting the burden of proof at Petitioner's bond hearing to the government.  The undersigned acknowledges that due process may not require this result in all cases.  *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (recognizing habeas corpus as "an adaptable remedy" where the "precise application and scope" can "change[] depending upon the circumstances").  But in cases like this, where Petitioner was previously released years ago and ICE re-detained him without any allegation that he violated the law or conditions of release, the burden should be shifted to the government at a bond hearing to justify his continued detention.

Several Judges in the Tenth Circuit have determined the proper remedy for a due process violation under similar circumstances is to require the government at a § 1226(a) hearing to bear the burden to prove a petitioner is a flight risk or danger to the community by clear and convincing evidence.  *See Mieles-Parraga v. Bondi,* No. 26-CV-00646, 2026 WL 776489, at *2 (D.N.M. Mar. 19, 2026) (shifting the burden to the government to prove petitioner is a flight risk or danger to community where petitioner had previously been released on bond); *Abanil v. Baltazar*, No. 25-CV-4029, 817 F. Supp. 3d 1148, 1159 (D.

16

Colo. 2026) (holding "the weight of authority in this District is clear: it is the Government's burden to justify a noncitizens continued detention at a bond hearing" (citation modified)); *Requejo Roman*, 816 F. Supp. 3d at 1282-84 (shifting the burden to the government to prove petitioner is a flight risk or danger to community by clear and convincing evidence where petitioner had previously been released on bond); *Vizguerra-Ramirez*, 2025 WL 3653158, at *16 (applying § 1226(a) to a similarly situated petitioner and ordering a bond hearing at which "the Government must prove by clear and convincing evidence that [he] is either a flight risk or a danger to the community in order to justify continued detention"); *L.G.*, 744 F. Supp. 3d at 1186 ("In sum, in order to continue detaining Petitioner under § 1226(a), due process requires that the Government is required to establish that continued detention is justified by clear and convincing evidence.").

In this District, Magistrate Judges have recently recommended burden shifting in circumstances like Petitioner's, though no District Judge has yet concluded the government should bear the burden at a bond hearing to justify detention. *See, e.g.*, *Juela v. Warden, Diamondback Corr. Facility*, No. CIV-26-501-G, Doc. 17, at 10 (W.D. Okla. Apr. 30, 2026) (R&R) (Judge Mitchell recently recommending shifting the burden to the government to justify detention by clear and convincing evidence of flight risk or danger to the community); *Ibragimov v. Mullin*, No. CIV-26-702-SLP, Doc. 17, at 11-17 (W.D. Okla. Apr. 29, 2026) (R&R) (Judge Erwin recently recommending the same); *Singh v. Grant*, No. CIV-26-88-G, Doc. 14 at 17-22 (W.D. Okla. Mar. 30, 2026) (R&R) (Judge Maxfield recently recommending the same); *see also Drozdov v. Lyons*, No. CIV-26-365-SLP, Doc. 12 at 13-19 (W.D Okla. Apr. 3, 2026) (R&R) (the undersigned recommending

17

the same). *But see, e.g., Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach due process issues and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted); *Batista Ronda v. Figueroa*, No. CIV-26-565-J, 2026 WL 1146026, at *2 (W.D. Okla. Apr. 28, 2026) (same).

The undersigned's recommended approach is consistent with other contexts where the government must justify a person's detention by clear and convincing evidence to meet due process demands. *See, e.g.*, *Foucha*, 504 U.S. at 86 (confinement of "insanity acquittees who are no longer mentally ill"); *Addington v. Texas*, 441 U.S. 418, 432-33 (1979) (involuntary civil commitment proceedings to a mental hospital); *see also Santosky v. Kramer*, 455 U.S. 745, 769-70 (1982) (requiring clear and convincing evidence for termination of parental rights); *Woodby v. Immigr. & Naturalization Serv.*, 385 U.S. 276, 286 (1966) (requiring clear and convincing evidence for deportation of a noncitizen); *Chaunt v. United States*, 364 U.S. 350, 353 (1960) (requiring clear and convincing evidence for denaturalization of an individual).

In coming to this recommendation, the undersigned has considered the burden of proof applicable to the government for pre-trial detention of a criminal defendant under the Bail Reform Act. In that context, "the government must prove risk of flight by a

preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence." *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citation modified); *see, e.g.*, *Garcia v. Bondi*, No. 26-CV-01012, 2026 WL 835766, at *4 (D. Colo. Mar. 26, 2026) (applying burden of proof from criminal pre-trial detention to immigration habeas proceedings and "finding no persuasive justification to conclude that a noncitizen must face different standards for the same actions, depending upon the forum, i.e., an administrative charge for removal versus a criminal charge of illegal reentry" (citation modified)).   The undersigned has also considered the approach akin to Judge Mitchell's recent Reports and Recommendations, where she concluded after review of the *Mathews* factors that a similarly situated petitioner should be immediately released and not re-detained without a pre-deprivation hearing. *See, e.g., Rodriguez-Navarrete v. Mullin*, No. CIV-26-224-SLP, Doc. 11, at 14-17 (W.D. Okla. Apr. 3, 2026) (R&R).

The undersigned is persuaded after a careful *Mathews* analysis to recommend the predominant view from judges in this Circuit—that a detainee like Petitioner is entitled to a § 1226(a) bond hearing where the government bears the burden of proof by clear and convincing evidence for his continued detention.   Accordingly, at Petitioner's bond hearing, the government should bear the burden to prove by clear and convincing evidence that he is either a flight risk or a danger to the community to justify continued detention.

### D.   The proper remedy is a bond hearing

The undersigned acknowledges Petitioner seeks immediate release or a bond hearing in the alternative.   Pet. at 7; *see also* Reply at 9-10 ("Immediate release is the

19

appropriate remedy here."). However, consistent with the approach in other cases in this District, the undersigned recommends Petitioner be afforded a constitutionally sufficient bond hearing as a lesser remedy than release. *See Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))); *see also, e.g., Cheema v. Grant*, No. CIV-26-551-J, Order, Doc. 13 at 4 (W.D. Okla. May 21, 2026) (declining to adopt the Magistrate Judge's recommendation of release for a petitioner who was re-detained after being released on conditional parole under § 1226(a) and whose re-detention is governed by § 1226, and instead ordering respondents to provide a bond hearing pursuant to § 1226(a)).

As Judge Russell in this District has acknowledged, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Karimov*, 2026 WL 950130, at *1 (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified). Further, Petitioner has not alleged or provided evidence that the circumstances of his re-detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, Doc. 13 at 4 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he did not

provide the Court with appropriate evidence or legal authority supporting release).[7] Accordingly, based on Petitioner's arguments and consistent with Judge Russell's approach, the undersigned recommends Petitioner be afforded a constitutionally sufficient individualized bond hearing pursuant to § 1226(a).

### E.    The Court should decline to address Petitioner's remaining arguments.

The undersigned notes Petitioner's Count I could be liberally construed to claim his arrest and detention without notice or a change in circumstances violates the Administrative Procedure Act ("APA") or the Fourth Amendment.  *See* Pet. at 6; *see also* Reply at 6 (arguing "Petitioner was improperly detained pursuant to § 1226(a)" without a warrant so "his instant detention was unlawful from the moment it began" and "the Court should grant Petitioner immediate release").  If the Court grants Petitioner's requested relief for a bond hearing, the Court should decline to address those arguments.  *See, e.g.*, *Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner

---

[7] The undersigned acknowledges Judges in this District have ordered or recommended release for noncitizens whose release was revoked absent evidence of materially changed circumstances.  *See, e.g., Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation modified).  However, here Petitioner fails to allege or prove he was previously ordered released pursuant to § 1226(a) by an *immigration judge* rather than at the discretion of an ICE or customs agent.  The Order of Release on Recognizance appears to be signed by an ICE official—not an IJ.  *See* Doc. 9-9 at 2 (signed by ICE Official "T. Zwetow, SDDO").  Accordingly, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.  The undersigned has carefully reviewed the cases cited by Petitioner supporting his assertion the proper remedy is release, *see* Reply at 10-12, and find these out-of-District cases unpersuasive considering the relevant case law within this District.

requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's [remaining] due process claim.").

In any event, Petitioner's APA and Fourth Amendment claims are not likely cognizable in habeas. Any claims for relief "necessarily imply the invalidity of [his] confinement," so they "fall within the core of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citation modified); *see also id.* at 674 ("Given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another 'adequate remedy in a court,' I agree with the Court that habeas corpus, not the APA, is the proper vehicle here.") (citation modified) (Kavanaugh, J. concurring).

As to any Fourth Amendment claim, "[h]abeas has traditionally been a means to secure *release* from unlawful detention," *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020), while "the suppression of evidence is the typical remedy" "[f]or a Fourth Amendment violation," *Kanda v. Cole*, No. 26-CV-158, --- F. Supp. 3d ---, 2026 WL 1014400, at *4 (S.D. Tex. Apr. 10, 2026). *See also I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) (noting "the 'body' or identity of a [non-citizen] in a . . . civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred"). This is especially true where Respondents here provided the Court with Petitioner's 2026 arrest warrant. Doc. 9-3 at 2.

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a

bond hearing under 8 U.S.C. § 1226(a) within five business days at which the government bears the burden of proof or otherwise release him if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **June 2, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **June 5, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 26th day of May, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE