# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ROHON YAKI VILLEGAS-SANCHEZ,      )
                                  )
    Petitioner,                    )
                                  )
v.                                )      Case No. CIV-26-660-D
                                  )
MARKWAYNE MULLIN, et al.,          )
                                  )
    Respondents.                   )

## ORDER

Petitioner Rohon Yaki Villegas-Sanchez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Venezuela who entered the United States in September 2022. At that time, Petitioner was placed into removal proceedings, and was released from custody on her own recognizance pursuant to 8 U.S.C. § 1226. Petitioner has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since February 11, 2026, and his removal proceedings are ongoing. Petitioner is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). To date, Petitioner has not received a bond hearing under 8 U.S.C. § 1226. Rather, the government contends that Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A), which does not entitled Petitioner to a bond hearing.

The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B), (C). Respondents filed a response [Doc. No. 9], to which Petitioner filed a reply [Doc. No. 10].

1

On May 26, 2026, the magistrate judge issued a Report and Recommendation [Doc. No. 11], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely objection to the Report [Doc. No. 12]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

Respondents object to Judge Stephens' conclusion that § 1226(a) applies to Petitioner's detention, and not § 1225(b)(2)(A), as suggested by Respondents. Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

Respondents contend that Petitioner is properly detained pursuant to § 1225(b)(2)(A), which provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the

2

> alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). Respondents assert that Petitioner is an "applicant for admission" because he is present in the United States and has not been admitted, citing § 1225(a)(1). *See* 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted … shall be deemed for purposes of this chapter an applicant for admission.").

In previously construing § 1225(b)(2)(A), the undersigned concluded in *Colin* that the subsection "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *See Colin*, 2025 WL 3645176, at *4.

Upon consideration, the Court continues to conclude that § 1225(b)(2)(A) unambiguously requires that an "applicant for admission" also be "seeking admission" for the subsection to control. Here, because Petitioner has been residing in the United States for many years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Valdez*, 2025 WL 3709021, at *3 ("Because Petitioner has been unlawfully living in the United States for many years without seeking admission, this provision does not apply to him."); *Martinez Diaz*, 2025 WL 3296310, at *3 ("Here, Petitioner has resided in the United States for approximately twenty years … and, therefore, is not 'seeking admission' into the United States. Accordingly, the Court finds § 1225(b)(2)(A) inapplicable to Petitioner."). Accordingly, § 1226(a) controls Petitioner's detention.

3

Having found that § 1226(a) controls Petitioner's detention, and noting no objection by Respondents as to their obligation to provide bond hearings for noncitizens under § 1226(a), the Court concludes that Petitioner is entitled to a bond hearing. *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings*, 583 U.S. at 306) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 12] is **ADOPTED in part**,[1] and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Expedit[e] Habeas Corpus Proceedings" [Doc. No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 15th day of June, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings. *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (finding a burden shift premature where "no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework"); *see also Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (same); *Gutierrez v. Garcia*, No. 2:25-CV-001145-WJ-KRS, 2026 WL 310064, at *6 n.3 (DN.M. Feb. 5, 2026) ("In the absence of a statutory mandate or binding precedent requiring burden shifting, the Court declines to specify or alter the burden of proof at this stage.").