**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROHON YAKI VILLEGAS-SANCHEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-660-D |
| | ) | |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner's Motion for Reconsideration of Bond Determination [Doc. No. 17]. In it, Petitioner contends that he was afforded an individualized bond hearing before an Immigration Judge, but the Immigration Judge denied his bond "primarily based on the conclusion that Petitioner allegedly lacked sufficient family ties in the Untied States."[1] *Id*. at p. 1. Petitioner takes issue with this conclusion, arguing he does have family and community ties. *Id*. He further argues he is not a flight risk and not a danger to the community. *Id*. at pp. 2–3. Petitioner requests this Court "order a new bond hearing with consideration of the additional evidence regarding his family and community ties." *Id*. at p. 3.

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1], in which he asserted that his detention was violative of the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq.* (INA). In a prior Order [Doc. No. 15], the Court granted in part Petitioner's habeas petition, found that 8 U.S.C. § 1226(a) controls

[1] Petitioner did not provide the Court a copy of the Immigration Judge's Order.

Petitioner's detention, and ordered Respondents to provide Petitioner with a prompt bond hearing under § 1226(a), or release Petitioner. Pursuant to the Court's Order, Petitioner received a bond hearing. [*See* Doc. No. 17].

This Court has jurisdiction to ensure compliance with its own orders. However, the Court does not have jurisdiction to review a discretionary bond determination by an Immigration Judge. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the . . . revocation or denial of bond or parole.").[2] Petitioner has not shown that the bond hearing failed to comply with this Court's prior Order to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226. Although Petitioner disagrees with the Immigration Judge's determination, Petitioner's motion does not provide the Court with any legal authority for the Court to review the Immigration Judge's discretionary bond decision made under § 1226.

For these reasons, Petitioner's Motion for Reconsideration of Bond Determination [Doc. No. 17] is **DENIED**.

**IT IS SO ORDERED** this 24th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[2] This statute refers to the Attorney General; however, Congress has empowered the Secretary of the Department of Homeland Security to enforce the INA. *See Nielsen v. Preap*, 586 U.S. 392, 397 n.2 (2019).